I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL. POSTAGE PREPAID. TO ~~ALL COUNSEL~~ Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 7/30/08

DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUL 3 0 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

WALTER CORRALES,

           Petitioner,

       vs.

MICHAEL A. SMELOSKY,
Warden,

           Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 08-1015-SGL (RNB)

ORDER TO SHOW CAUSE

On July 25, 2008, petitioner lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein. The Petition purports to be directed to a judgment of conviction sustained by petitioner in Riverside County Superior Court on September 1, 1995, following petitioner's guilty plea to carjacking. Petitioner was sentenced the same day to an indeterminate term of 27 years to life. (See Pet. at ¶¶ 1-2). Petitioner did not appeal from the judgment of conviction. (See id. at ¶ 3).

As best the Court can glean from the Memorandum of Points and Authorities accompanying the Petition, petitioner is claiming that the trial court erred in its application of California's Three Strikes Law; that he received ineffective assistance of counsel; that he is entitled to a remand to the sentencing court for resentencing because he was convicted prior to the 1996 decision in People v. Romero and the trial

1

court was unaware of its discretion to strike petitioner's prior convictions in the furtherance of justice; that he is entitled to a remand for resentencing because the trial court "erroneously used an uncertified abstract to find the priors and did not have a separate hearing on all alleged priors"; and that he is entitled to a remand for resentencing because "the use of four counts from a 1986 plea agreement violates the terms set in that and in this plea agreement."

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d).  See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[1]  28 U.S.C. § 2244(d) provides:

> "(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted

---

[1]    Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Under California law in effect at the time of petitioner's conviction, an appeal had to be filed within 60 days after the rendition of the judgment. See former Cal. Rule of Court 31(a).  Where the judgment of conviction was entered upon a guilty plea, the defendant was required to file a notice of intended appeal within the 60-day period, accompanied by a statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings"; the appeal did not become operative unless and until the trial court executed and filed a certificate of probable cause for appeal. See former Cal. Rule of Court 31(d); see also Cal. Penal Code § 1275.  Consequently, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" here was October 31, 2005, when petitioner's time to file an intended notice of appeal expired.

From the face of the Petition, it does not appear that petitioner has a basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(B).  Petitioner is not contending that he was impeded from filing his federal petition by unconstitutional state action.  Nor does it appear that petitioner has a basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(C).  Petitioner is not contending that any of his claims are based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review.  Moreover, it is clear that petitioner has no basis for contending

3

that he is entitled to a later trigger date under § 2244(b)(1)(D). Petitioner was aware of the **factual** predicate of his ineffective assistance of counsel and sentencing error claims as of the date he was convicted and sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was April 23, 1997. See Patterson v. Stewart, 251 F.3d 1243,1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

28 U.S.C. § 2244(d)(2) provides:

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." See id. at 1006. Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge. See Nino, 183 F.3d at 1006.

1    Here, petitioner has identified only one collateral challenge in the Petition-- the
2    California Supreme Court habeas petition that was denied on June 18, 2008 with
3    citations to In re Robbins, 18 Cal. 4th 770, 780 (1998) and In re Clark, 5 Cal. 4th 750
4    (1993). (See Pet. at ¶ 6.a(5); attachment to Petition). According to the California
5    Appellate Courts website, that petition was filed on January 10, 2008. Thus,
6    petitioner is not entitled to any statutory tolling for his one state collateral challenge,
7    since that petition was not filed until after petitioner's federal filing deadline of April
8    23, 1997 already had long lapsed. See, e.g., Ferguson v. Palmateer, 321 F.3d 820,
9    823 (9th Cir.) (holding that § 2244(d) "does not permit the reinitiation of the
10   limitations period that has ended before the state petition was filed," even if the state
11   petition was timely filed), cert. denied, 540 U.S. 924 (2003); Jiminez v. Rice, 276
12   F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir.
13   2001), cert. denied, 534 U.S. 1143 (2002).

14   The Ninth Circuit has held that the district court has the authority to raise the
15   statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the
16   petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the
17   Rules Governing Section 2254 Cases in the United States District Courts, so long as
18   the court "provides the petitioner with adequate notice and an opportunity to
19   respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,
20   260 F.3d 1039, 1042-43 (9th Cir. 2001).

21   IT THEREFORE IS ORDERED that, on or before **August 29, 2008**, petitioner
22   show cause in writing, if any he has, why the Court should not recommend that this
23   action be dismissed with prejudice on the ground of untimeliness. If petitioner
24   intends to rely on the equitable tolling doctrine, he will need to include with his
25   response to the Order to Show Cause a declaration under penalty of perjury stating

26
27
28

facts showing (1) that he has been pursuing his rights diligently,[2] and (2) that some "extraordinary circumstances" beyond petitioner's control stood in his way and/or made it impossible for him to file the Petition on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied, 127 S. Ct. 1880 (2007); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

DATED: July 30, 2008

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[2]     The Court notes that the California Supreme Court implicitly found that petitioner had not been pursuing his rights diligently when it denied his habeas petition citing Robbins and Clark, which signified that the petition was being denied for untimeliness.   See Bennett v. Mueller, 322 F.3d 573, 581-83 (9th Cir.) (recognizing California's untimeliness bar is represented by citations to Robbins and Clark), cert. denied, 540 U.S. 938 (2003).

6